Robert A. VERRIER, doing business as Robert A. Verrier Construction Company for the Use and Benefit of E. S. BOULOS COMPANY, Inc.,

v.

AMERICAN FIDELITY COMPANY.

Robert A. VERRIER, doing business as Robert A. Verrier Construction Company for the Use and Benefit of WEIL PUMP COMPANY,

v.

AMERICAN FIDELITY COMPANY.

Civ. Nos. 5-141, 5-142.

United States District Court
D. Maine, S. D.
June 30, 1958.

Herbert H. Bennett (of Levenson, Schwarz & Bennett), Portland, Me., for plaintiff.

John J. Flaherty (of Berman, Berman & Wernick), Portland, Me., for defendant.

GIGNOUX, District Judge.

The instant ruling arises upon two identical motions to dismiss filed by the defendant in these actions on May 7, 1958, on the ground that the complaint in each action fails to state a claim upon which relief can be granted.[1]

The principal actions were brought by plaintiff, for the use and benefit of the use-plaintiffs,[2] to recover of defendant the sums of $9,281 and $9,943.46 respectively due the use-plaintiffs for labor and materials furnished to Frederick Raff Company, which is not a party to either

action. The actions are based upon a surety bond, upon which defendant is surety, Raff is principal, and plaintiff is obligee, guaranteeing the faithful performance and payment in full of all bills for labor and materials used in the completion by Raff of a sub-contract for the installation of all heating, plumbing and ventilation required by a United States Government contract awarded to plaintiff in 1956 for special anti-aircraft facilities at the Loring Air Force Base Area at Caswell, Limestone, Maine.

The relevant language of the bond is that portion of the defeasance clause which reads as follows:

"Now, Therefore, the condition of this obligation is such that, if the Principal shall faithfully perform the contract on his part, and shall fully indemnify and save harmless the Obligee from all cost and damage which the Obligee may suffer by reason of failure so to do and shall fully reimburse and repay the Obligee all outlay and expense which the Obligee may incur in making good any such default, *and shall pay all persons who have contracts directly with the Principal for labor or materials*, then this obligation shall be null and void, otherwise it shall remain in full force and effect." (Emphasis supplied.)

The sole question presented by the instant motions is whether defendant, as surety on the bond involved, may be liable to the use-plaintiffs for labor and materials furnished by them pursuant to their sub-contracts with Raff, or whether such bond must be interpreted as intended to operate only for the benefit of plaintiff as the obligee named therein. It is defendant's contention that under the law of Maine, which concededly must control the substantive rights of these parties, plaintiff has the sole right to sue defendant as surety on the bond, and that the bond cannot be construed as confer-

---

1. Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

2. Rule 17(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

ring any direct benefit upon the use-plaintiffs, who are not named therein.

In support of its position defendant relies upon the apparent *rationale* of the case of Foster v. Kerr & Houston, 1935, 133 Me. 389, 179 A. 297, 301. The defendant concedes that in the Foster case the Maine court held that the State of Maine, suing for the benefit of materialmen, was entitled to recover of the surety upon a bond furnished by a prime contractor, even though the materialmen were not named in the bond. Defendant notes, however, that the Maine court in Foster quoted with approval from Williston, Contracts for the Benefit of a Third Person, 15 Harv.L.Rev. 767, 783, as follows:

"It is a common stipulation in a building contract that the contractor will pay all bills for labor and materials. In most cases the fulfillment of this promise by the contractor operates to discharge a liability of the owner of the building, whose building would be liable to satisfy the lien given by the law to workmen and materialmen. *It can not, therefore, be inferred that the promisee requires the promise in order to benefit such creditors of the contractor.* The natural inference is that his object is to protect himself or his building. When, however, the owner of the building in a municipality, or county, or state, such an inference can not so readily be justified, for the law gives no liens against the buildings of such owners. In such cases if the stipulation can be regarded as the result of more than the accidental insertion of a provision common in building contracts without reflection as to its necessity, it must be supposed that the object was to benefit creditors of the contractor." (Emphasis supplied by defendant.)

Defendant argues that recovery was allowed in the Foster case because the property of the obligee, which was the State of Maine, could not be subjected to lien, and no effect could be given to the promise to pay materialmen involved in that case unless it was considered to have been inserted for the direct benefit of such materialmen. Defendant contends further that it must be inferred from the court's approval of the above quotation from Williston that the Maine court would not allow a suit on behalf of materialmen in situations where the obligee himself would be vulnerable to suits by the materialmen. Since in the instant cases the use-plaintiffs were provided with rights directly against the obligee under the Miller Act, 40 U.S.C.A. §§ 270a–270d, defendant concludes that the bond provision requiring payment of materialmen must be construed as intended only to protect plaintiff and not to confer any direct benefit upon the use-plaintiffs.

This Court cannot agree that the Foster case stands for the broad proposition urged by defendant. As previously indicated, the holding in Foster was simply that the bond therein involved was intended to operate for the direct benefit of materialmen, as well as for the benefit of the State of Maine, which was the obligee.

This Court will not presume to draw from an explicit ruling of the highest court of Maine allowing recovery to materialmen in such a situation, a declaration by that Court as to the Maine law on an issue which was not presented to it, nor openly discussed by it.

The overwhelming weight of authority in those jurisdictions which have considered the question here presented allows actions such as the instant ones for the benefit of materialmen upon bonds similar to that here involved. See Annos. 77 A.L.R. 21 (1932), 118 A.L.R. 57 (1939). It is difficult for this Court to conceive how any effect can be given to the promise to pay materialmen contained in the bond which is the subject of the instant actions unless that promise be construed as conferring direct benefit upon such materialmen. In view of the unambiguous language present in the bond, this Court cannot agree that the effect to be given to such language can

be modified by the existence or non-existence of additional rights, outside of the bond, which the materialmen might or might not have against the obligee.

It is the opinion of this Court that the allowance of these actions is in accord both with the better view of the law and with the great weight of authority, and that these actions are not precluded by any contrary ruling of the Maine court.

For the foregoing reasons, the defendant's motions to dismiss must be, and they hereby are, denied.